**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PROCTOR**, *et al.*, <br><br> **Plaintiffs,** <br> v. <br><br> **DISTRICT OF COLUMBIA**, *et al.*, <br><br> **Defendants.** | **Civil Action No. 18-701 (TNM)** |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PROVISIONAL CLASS CERTIFICATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

LEGAL STANDARD......................................................................................................................2

ARGUMENT...................................................................................................................................4

I.      Plaintiffs are Not Entitled to Certification of the Putative Class Because They are Not Entitled to Injunctive Relief ...............................................................................................4

II.     Plaintiffs Fail to Meet the Requirements Under Federal Rule 23(a) ..................................4

        A.      Federal Rule 23(a)(1)—Numerosity ........................................................................4

        B.      Federal Rule 23(a)(2)—Commonality......................................................................6

        C.      Federal Rule 23(a)(3)—Typicality ..........................................................................9

        D.      Federal Rule 23(a)(4)—Adequate Representation................................................11

III.    Plaintiffs Fail to Meet the Requirements Under Federal Rule 23(b)(2) ...........................12

CONCLUSION..............................................................................................................................14

## TABLE OF AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ......................................................................................................... 11

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
    222 F.3d 52 (2d Cir. 2000) ............................................................................................... 11

*Bynum v. District of Columbia*,
    214 F.R.D. 27 (D.D.C. 2003) ......................................................................................... 4, 9

*Califano v. Yamasaki*,
    442 U.S. 682 (1979) ........................................................................................................... 3

*Cohen v. Chilcott*,
    522 F. Supp. 2d 105 (D.D.C. 2007) ................................................................................... 4

*Comcast Corp. v. Behrend*,
    569 U.S. 27, 33 (2013) ............................................................................................. 3, 9, 13

*Daskalea v. Wash. Humane Soc.*,
    275 F.R.D. 346 (D.D.C. 2011) ....................................................................... 8, 9, 10, 11, 12

*DL v. District of Columbia*,
    713 F.3d 120 (D.C. Cir. 2013) ........................................................................................ 6, 8

*Feinman v. FBI*,
    269 F.R.D. 44 (D.D.C. 2010) .......................................................................................... 3, 4

*Garcia v. Johanns*,
    444 F.3d 625 (D.C. Cir. 2006) ............................................................................................ 3

*Gen. Tel. Co. of the Sw. v. Falcon*,
    457 U.S. 147 (1982) .............................................................................................. 3, 9, 11

*Hardy v. Fischer*,
    701 F. Supp. 2d 614 (S.D.N.Y. 2010) ................................................................................. 4

*In re Lorazepam & Clorazepate Antitrust Litig.*,
    289 F.3d 98 (D.C. Cir. 2002) ............................................................................................... 3

*In re Lorazepam & Clorazepate Antitrust Litig.*,
    202 F.R.D. 12 (D.D.C. 2001) ............................................................................................... 9

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
    209 F.R.D. 323 (S.D.N.Y. 2002) ....................................................................................... 13

*In re Schering Plough Corp. ERISA Litig.*,
    589 F.3d 585 (3d Cir. 2009) ..............................................................................................10

*Jones v. Takaki*,
    153 F.R.D. 609 (N.D. Ill. 1993) ......................................................................................9, 11

*Kirkpatrick v. J.C. Bradford & Co.*,
    827 F.2d 718 (11th Cir. 1987) .............................................................................................12

*Kingsepp v. Wesleyan Univ.*,
    142 F.R.D. 597 (S.D.N.Y. 1992) ........................................................................................12

*Lightfoot v. District of Columbia*,
    273 F.R.D. 314 (D.D.C. 2011) ...................................................................................8, 9, 13

*Palumbo v. Tele-Communications, Inc.*,
    157 F.R.D. 129 (D.D.C. 1994) ............................................................................................12

*Pigford v. Glickman*,
    182 F.R.D. 341 (D.D.C. 1998)..............................................................................................2

*Rodriguez v. United States Dep't of the Treasury*,
    131 F.R.D. 1 (D.D.C. 1990)..................................................................................................5

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010)..............................................................................................................3

*Twelve John Does v. District of Columbia*,
    117 F.3d 571 (D.C. Cir. 1997) ...........................................................................................11

*United States v. Colbert*,
    474 F.2d 174 (5th Cir. 1973) ................................................................................................8

*United States v. Thomas*,
    864 F.2d 843 (D.C. Cir. 1989)..................................................................................7, 10, 13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..............................................................................................2, 6, 8, 12

*Young v. Magnequench Int'l, Inc.*,
    188 F.R.D. 504 (S.D. Ind. 1999).........................................................................................12

# INTRODUCTION

Plaintiffs seek provisional certification of a class for injunctive relief based on allegations that the District of Columbia (the District)[1] has a policy or practice of unconstitutionally seizing property from individuals experiencing homelessness. However, as set forth in the District's Opposition to Plaintiffs' Motion for Preliminary Injunction, plaintiffs are not entitled to injunctive relief and, thus, their motion for class certification also should be denied. But even if the Court disagrees, plaintiffs have nevertheless failed to satisfy the explicit requirements of Federal Rule 23(a) and (b)(2). Because plaintiffs have not presented sufficient evidence to establish numerosity, commonality, and typicality, and because they cannot demonstrate that a single one-stroke injunction would provide relief to each member of the proposed class, plaintiffs' motion for class certification should be denied.

# BACKGROUND

In their Complaint [1], plaintiffs bring this lawsuit against the District on behalf of a proposed class of:

> All homeless persons who (i) reside at an abode or place of residence of one or more persons on public property or (ii) possess an accumulation of personal belongings that is present even when the individual may not be present at the location, where such public property or location is subject to District of Columbia, rather than federal, government oversight.

Compl. ¶ 52. However, in their motion for class certification [6], plaintiffs request that this Court certify a class of:

> [A]ll homeless persons who reside in public spaces that are subject to District, rather than federal, government oversight and have been or will be subject to encampment clears pursuant to the District of Columbia Protocol for the Disposition of Property Found on Public Space and Outreach to Displaced Persons.

---

[1] Mayor Muriel Bowser, in her official capacity, is also named as a defendant in this case. Defendants are referred to as "the District" throughout this opposition.

Pls.' Mem. at 1 [6]; *see also* Pls.' Proposed Order [6-1].[2]

On behalf of the class, plaintiffs seek "an injunction requiring the District to conduct clearings in a constitutional manner by retaining all unattended property that does not pose an obvious health and safety risk, consistent with the language of the [District of Columbia Protocol for the Disposition of Property Found on Public Space and Outreach to Displaced Persons]." Pls.' Mem. at 7 [6]. Plaintiffs request the appointment of Shanel Proctor and Charlaine Braxton as class representatives. *See id.*

Ms. Proctor alleges that she lives on public property at First and K Streets, N.E. Compl. ¶ 20. She also alleges that on August 2, 2016, during a cleanup of First and K Streets, N.E., the District disposed of her tent, mattress, and other personal items. Compl. ¶ 33; Shanel Proctor Decl. ¶ 5 [1-4]. During the cleanup, when her belongings were allegedly disposed of, Ms. Proctor states that she was away from the location, at Harris Teeter. Proctor Decl. ¶ 5.

Ms. Braxton alleges she lives on public property at First and L Streets, N.E. Charlaine Braxton Decl. ¶ 2 [1-3]. She alleges that in early May 2017, during a cleanup of First and L Streets, N.E., the District disposed of her tent, mattress, and other personal items. Compl. ¶ 36; Braxton Decl. ¶ 5. She alleges that she was not feeling well enough to move her belongings on the date of the cleanup and was away from the location while the cleanup occurred. Braxton Decl. ¶ 5.

## LEGAL STANDARD

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011)

---

[2] The District assumes plaintiffs have abandoned the class definition in the Complaint. *See Pigford v. Glickman*, 182 F.R.D. 341, 345 (D.D.C. 1998) (analyzing certification based on the definition included in plaintiffs' proposed order when the class definition of the proposed order differed from the class definition in the operative complaint).

(quoting *Califano v. Yamasaki,* 442 U.S. 682, 700–01 (1979)). To meet the requirements under Federal Rule of Civil Procedure 23(a), plaintiffs must show that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Failure to adequately demonstrate any of these four requirements is "fatal to class certification." *Garcia v. Johanns*, 444 F.3d 625, 631 (D.C. Cir. 2006) (citing *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 106 (D.C. Cir. 2002)).

"A class action 'may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Feinman v. FBI*, 269 F.R.D. 44, 49–50 (D.D.C. 2010) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). If plaintiffs meet the requirements of Rule 23(a), they must then establish that certification is appropriate under one of the three categories in subsection (b). *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *Garcia*, 444 F.3d at 631 n.6.

Rule 23(b)(2) requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Plaintiffs' Rule 23(b) burden is subject to the same "rigorous" analysis as the Rule 23(a) prerequisites. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Plaintiffs must establish "through evidentiary proof" that all the requirements of Rule 23 have been met. *Id.*

**ARGUMENT**

I. **Plaintiffs are Not Entitled to Certification of the Putative Class Because They are Not Entitled to Injunctive Relief.**

Plaintiffs seek certification of a class seeking injunctive relief. However, for the reasons set forth in the District's Opposition to Plaintiffs' Motion for Preliminary Injunction [18], plaintiffs have failed to satisfy the requirements for injunctive relief. Thus, the Court should deny plaintiffs' motion for class certification. *See, e.g.*, *Hardy v. Fischer*, 701 F. Supp. 2d 614, 617 n.3 (S.D.N.Y. 2010) ("Because plaintiffs have not shown a likelihood of success on the merits of their claims for injunctive relief, their motion for a preliminary injunction is denied, as is their motion to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(2).").

II. **Plaintiffs Fail to Meet the Requirements Under Federal Rule 23(a).**

If the Court is inclined to consider class certification at this juncture, it should deny plaintiffs' motion because they have not satisfied their burdens under Federal Rule 23(a) and (b)(2), as discussed below.

   A. **Federal Rule 23(a)(1)—Numerosity**

Numerosity is satisfied if there is a "reasonable basis" for the estimate of the class size provided. *See, e.g.*, *Bynum v. District of Columbia*, 214 F.R.D. 27, 31–32 (D.D.C. 2003) ("[P]laintiffs must at least be able to establish that the general outlines of the membership of the class are determinable at the outset of the litigation.") (citations omitted). Courts in this jurisdiction "have generally found that the numerosity requirement is satisfied and that joinder is impracticable where a proposed class has at least forty members." *Cohen v. Chilcott*, 522 F. Supp. 2d 105, 114 (D.D.C. 2007).

Plaintiffs have failed to provide sufficient evidence to satisfy the numerosity requirement—in fact, they do not provide an estimate of class size at all. *See Feinman*, 269 F.R.D. at 50 (finding

that a class size estimate lacked a reasonable basis); *Rodriguez v. United States Dep't of the Treasury*, 131 F.R.D. 1, 6 (D.D.C. 1990). Plaintiffs dedicate only two sentences to address the numerosity requirement: they argue that under the latest census, approximately 897 District residents are "unsheltered" and that this data means "hundreds of residents are subject to the Protocol." Pls.' Mem. at 3 [6]. But plaintiffs' logic is flawed and their allegations do not satisfy the evidentiary requirements to establish numerosity.

First, plaintiffs' logic is flawed because the proposed class does not include all 897 District residents who are allegedly "unsheltered." It includes only those who "have" or "will be" subject to "encampment clearings pursuant to the Protocol." *See* Pls.' Proposed Order [6-1]. Plaintiffs do not even estimate how many residents have been subject to encampment cleanups since the Protocol was issued on November 21, 2016, *see* Elizabeth Horen Decl. ¶ 4 [18-1]. In fact, the exhibits plaintiffs attached to their Complaint only present examples of fourteen items discarded, across eight cleanups. *See* Comp. Ex. 3 (one person reported his belongings lost during cleanup); Compl. Ex. 4 (one couple's items discarded when they walked away from their property once the cleanup started); Compl. Ex. 5 (three tents were discarded as being abandoned and owner unidentifiable); Compl. Ex 6 (one abandoned tent discarded); Compl. Ex. 7 (one woman's items were discarded after she walked away from the site at the start of the cleanup); Compl. Ex. 8 (one tent discarded as abandoned); Compl. Ex. 9 (camper told the District she informed her neighbors about the cleanup and they left their items there anyway); Compl. Ex. 10 (three tents were found to be abandoned). Additionally, it is possible that one or more of these examples pertain to the same individual because, as the exhibits demonstrate, cleanups often occur repeatedly at the same location. For example, the site of the May 18, 2017 cleanup was L Street N.E., between First and

Second Streets. *Id*. That same area was cleaned on June 22, 2017, Compl. Ex.7; October 3, 2017, Compl. Ex. 8; and December 21, 2017, Compl. Ex. 10.

Plaintiffs fail to provide a basis from which to reasonably believe the class size is at least forty people. Thus, plaintiffs have not satisfied their burden of demonstrating numerosity.

### B. Federal Rule 23(a)(2)—Commonality

The class defined in plaintiffs' proposed order may be characterized as consisting of two groups of people who "reside in public spaces that are subject to District, rather than federal, government oversight": (1) those who, at some time in the past, have been "subject to encampment clears"; and (2) those who "will be subject to encampment clears." Proposed Order [6-1]. To establish commonality, a party must demonstrate that "the class members 'have suffered the same injury.'" *Wal-Mart*, 564 U.S. at 349–50 (quoting *Falcon*, 457 U.S. at 157); *see also DL v. District of Columbia*, 713 F.3d 120, 126–27 (D.C. Cir. 2013). Class members suffer the same injury for purposes of Rule 23(a)(2) only if their claims turn on a common contention "of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Plaintiffs' putative class does not satisfy the commonality requirement of Rule 23(a)(2) because the class has not suffered a common injury and the nature of plaintiffs' claims are not capable of class-wide resolution.

### 1. The Putative Class Does Not Suffer a Common Injury.

First, plaintiffs do not suffer the same injury. Plaintiffs do not allege that during cleanups, personal belongings of *all* the residents at the site are taken. To the contrary, along with their Complaint, plaintiffs filed outreach worker notes that demonstrate that in most cases property is voluntarily removed by the owner or is preserved and stored. *See* Compl. Ex. 5 [1-9] (of fourteen

tents, only three were discarded as being abandoned); Compl. Ex. 8 [1-12] (cell phones and electronic tablet placed in storage); Compl. Ex. 10 [1-14] (medication found among abandoned property was returned to owner). Additionally, during cleanups, the District provides 40-gallon storage bins and allows individuals to pack and store paperwork, functional bicycles, functional tents that require storage, and up to two 40-gallon storage bins of their belongings for up to 60 days at the DHS Adams Day Drop-In Center, located at 2210-B Adams Place, N.E., Washington, D.C. Horen Decl. ¶ 27–28. As a result, there are people who reside on public property that has been subject to a cleanup but who have not, and will not, suffer the alleged injury of an "unreasonable seizure" during a cleanup.

Second, the putative class includes individuals who abandoned or will abandon belongings at sites that are scheduled for cleanups. These class members do not have Fourth Amendment injuries because they forfeit their possessory interest in their property by abandoning it—it cannot be seized. *See United States v. Thomas*, 864 F.2d 843, 845 (D.C. Cir. 1989). Certainly, the claims of these putative class members are not common to the putative class members who argue that they maintain possessory interest in property that is disposed of.

The injury of an "unreasonable seizure" is not common to the entire class or even to those class members who have already been "subject to encampment clears." Pls.' Proposed Order.

## 2. Plaintiffs' Claims Are Not Capable of Class-Wide Resolution.

Plaintiffs will be unable show that a violation occurred "across the board," and thus they fail to meet the commonality requirement. Unreasonable seizure claims must be analyzed on a case-by-case basis. As explained in the District's Opposition to Plaintiffs Motion for Preliminary Injunction [18], a "warrantless search or seizure of property that is 'abandoned' does not violate the Fourth Amendment." *Thomas*, 864 F.2d at 845. The test for abandonment in the Fourth

7

Amendment context is whether, objectively, the owner intended to abandon the property. *Id.* at 846. This inquiry will necessarily require an individualized analysis of the actions of each putative class member, including their words, actions, and the other facts surrounding the circumstances. *See id.* ("intent may be inferred from 'words spoken, acts done, and other objective facts'") (quoting *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973)).

Plaintiffs argue their claim satisfies commonality because the District is "systematically destroying unattended personal belongings of homeless individuals." Compl. ¶ 62. But as the D.C. Circuit recognized following the U.S. Supreme Court's decision in *Wal-Mart,* defining a class by reference to a policy or practice "speaks too broadly because it constitutes only an allegation that the class members 'have all suffered a violation of the same provision of law,'" which the Supreme Court has instructed is insufficient to establish commonality. *DL*, 713 F.3d at 126 (quoting *Wal-Mart*, 564 U.S. at 350). That is because "[w]hat matters to class certification … is not the raising of common 'questions'—even in droves—but, rather the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Wal-Mart*, 564 U.S. at 350 (quoting Richard Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009) (emphasis in original)). *See, e.g.*, *Daskalea v. Wash. Humane Soc.*, 275 F.R.D. 346, 362 (D.D.C. 2011) (noting that where class claims are framed "with such a level of generality and abstraction as to render them essentially meaningless," … "allegations [are] reduce[d] to an empty invocation of the legal standard governing [constitutional] claims generally") (citing *Lightfoot v. District of Columbia*, 273 F.R.D. 314, 325 (D.D.C. 2011)).

Here, the answer to the question of whether a Fourth Amendment violation occurred will require examination of the facts of each class member, rather than being common to the class as

8

required by the commonality element. *See, e.g.*, *Lightfoot*, 273 F.R.D. at 318–25 (granting a motion to decertify a class because plaintiffs failed to satisfy the commonality element) ("The Court presumed [initially] that Plaintiffs' evidence … would be based on a compilation of data regarding the process afforded class members, but never strayed from the overarching principle that to succeed, Plaintiffs must prove that the alleged due process violation occurred *across the board*'") (emphasis in original).

### B. Federal Rule 23(a)(3)—Typicality

Courts have observed that "[t]he commonality and typicality requirements … tend to merge." *Daskalea*, 275 F.R.D. at 358 (quoting *Falcon,* 457 U.S. at 157–58 n.13). Although "the focus of commonality is the nature of the claims asserted on behalf of all members of the putative class … typicality asks whether the class representative suffered a similar injury from the same course of conduct." *Id.* at 375 (citing *Bynum*, 214 F.R.D. at 34). The typicality requirement determines "whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of the absent class members so as to assure that the absentees' interests will be fairly represented." *Id.* (citing *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 27 (D.D.C. 2001)).

Typicality is not met where, as here, members of a proposed class rely on alleged deprivations that are fact-specific. *See, e.g.*, *Daskalea*, 275 F.R.D. at 358, 363 (finding that typicality is not satisfied where dissimilarities are of "constitutional significance," which implicate the named plaintiffs' and class members' ability to prevail on their claims); *see also Jones v. Takaki*, 153 F.R.D. 609, 611–12 (N.D. Ill. 1993) (finding that typicality was lacking where the resolution of due process claims entailed a fact-specific inquiry to be made on a case-by-case basis). It is not enough to simply assert that all putative class members suffered similar

constitutional violations. The Court's analysis of typicality "properly focuses on the similarity of the legal theory and legal claims; the similarity of the individual circumstances on which those theories and claims are based; and the extent to which the proposed representative may face significant unique or atypical defenses to her claims." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 597–98 (3d Cir. 2009).

Here, the District has fact-specific defenses applicable to each named plaintiff and putative class member; specifically, the District can defend itself by arguing that under the unique circumstances regarding each alleged seizure, the plaintiff either forfeited a right to the property by abandoning it, or that the seizure was reasonable. *See Thomas*, 864 F.2d at 846 (test for abandonment is the objective intent of the individual); *Daskalea*, 275 F.R.D. at 362–63; *see also In re Schering Plough Corp.*, 589 F.3d at 598 (atypical defenses may defeat typicality).

Ms. Proctor's and Ms. Braxton's claims are not typical of the putative class members. Both plaintiffs allege that she left her items unattended on public property despite having notice that a cleanup would occur at the location, on that date, and at that time. *See* Compl. ¶¶ 33, 36; Horen Decl. ¶¶ 61, 63. Neither plaintiff argues she notified the District, outreach workers, or others residing at the location that she intended to keep her belongings. Neither plaintiff alleges that she left a note stating where she had gone or that she would be back for her things. And neither plaintiff alleges she made any attempt to avail herself of the resources offered by the District to assist individuals with maintaining their personal belongings during cleanups, *see* Horen Decl. ¶ 24 (the District provides storage bins and will store items for sixty days). Simply, Ms. Proctor and Ms. Braxton abandoned their things. Plaintiffs' unconstitutional seizure allegations are not typical of putative class members who made attempts to convey continued possessory interest in their property.

Plaintiffs contend that typicality is met because the named plaintiffs "risk losing unattended personal property," like the putative class members, and because the legal theories underlying the claims are identical for both the named plaintiffs and proposed classes. Pls.' Mem. at 4–5 [6]. But the circumstances under which plaintiffs' claims are based are highly individualized, requiring fact-intensive inquiries on a case-by-case basis to determine whether property was unlawfully seized. "By tendering only generalities," plaintiffs have failed to discharge their burden to establish typicality. *Daskalea*, 275 F.R.D. at 358–59 (noting that plaintiffs' attempt to shift that burden to defendant and the Court is "patently impermissible"). At bottom, "[b]ecause the putative class representatives [cannot] establish 'the bulk of the elements of each class member's claim in the process of proving their own, they ... [fail] to meet the typicality requirement.'" *Id.* at 363 (quoting *Jones,* 153 F.R.D. at 612).

### C. Federal Rule 23(a)(4)—Adequate Representation

The adequacy-of-representation requirement under Rule 23(a)(4) also "tends to merge" with the commonality and typicality requirements of Rule 23(a), requiring that the named parties "fairly and adequately protect the interests of the class." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 n.20 (1997) (citing *Falcon*, 457 U.S. at 157 n.13). "Two criteria for determining the adequacy of representation are generally recognized: (1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997).

Plaintiffs do not represent in their motion, memorandum, or sworn declarations that they are able and willing to participate in this case as representatives of the class. *See, e.g.*, *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 61 (2d Cir. 2000) (certification may be

11

denied where representatives have so little knowledge of the case to protect against the possibly competing interest of their attorneys); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 728 (11th Cir. 1987) (certification should be denied where the named plaintiffs' "participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case").

Plaintiffs' conclusory statements regarding plaintiffs' adequacy, Pls.' Mem. at 5 [6], fail to meet the requirements of Rule 23(a)(4). *See, e.g.*, *Young v. Magnequench Int'l, Inc.*, 188 F.R.D. 504, 508 (S.D. Ind. 1999) (denying plaintiffs' motion for certification that was "little more than recitations of the requirements of" the rules "and conclusory statements that the requirements are met" without analysis or discussion) (quoting *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597, 602–03 (S.D.N.Y. 1992)). Even assuming had plaintiffs properly addressed Rule 23(a)(4), the unique circumstances involving the named plaintiffs make them inadequate class representatives. *Wal-Mart*, 564 U.S. at 348-49 (noting that a class representative must be part of the class, possess the same interest, and suffer the same injury as the class members); *Daskalea*, 275 F.R.D. at 377.

The District takes no position regarding the qualifications of plaintiffs' counsel, but "[i]n the class action context, the Court has an obligation to closely scrutinize the qualifications of counsel to assure that all interests, including those of as yet unnamed plaintiffs are adequately represented." *Palumbo v. Tele-Communications, Inc.*, 157 F.R.D. 129, 133 (D.D.C. 1994). The District submits that plaintiffs have failed to satisfy the adequacy-of-representation requirement under Rule 23(a)(4).

### III.    Plaintiffs Fail to Meet the Requirements Under Federal Rule 23(b)(2).

Plaintiffs also fail to meet the requirements of Rule 23(b)(2), which requires a showing that the District has acted on "grounds that apply generally to the class" *and* that injunctive or declaratory relief is "appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Plaintiffs must have "rigorous" "evidentiary proof" that these two elements have been met. *Comcast*, 569 U.S. at 33. Further, the alleged action and requested injunctive or declaratory relief must be specific; a "broad" or "sweeping" allegation that a law has been violated will not suffice. *Lightfoot*, 273 F.R.D. at 325-26.

Plaintiffs have alleged only the kind of "broad" or "sweeping" allegations rejected in *Lightfoot*. *See* Pls.' Mem. at 7 [6] (seeking "an injunction requiring the District to conduct clearings in a constitutional manner by retaining all unattended property that does not pose an obvious health or safety risk, consistent with the language of the Protocol."). As explained, plaintiffs do not—and cannot—demonstrate that unlawful seizures occur at each cleanup or to each individual residing at a site that is cleaned. *See* above Section II.B. As a result, plaintiffs cannot show that the District has acted on grounds that apply generally to the whole class.

Plaintiffs also cannot satisfy the second part of the Rule 23(b)(2) standard. Plaintiffs' requested injunctive relief would require the District to store all items found at a cleanup that do not fall into the categories that present health and safety concerns (live animals, illegal items, items infested with bugs, explosive, wet or heavily soiled items, and food or liquids). Compl., Prayer for Relief [1]. This includes items that are undeniably abandoned and, as a result, goes beyond the District's obligations under the Fourth Amendment. *See Thomas*, 864 F.2d at 845. Plaintiffs request relief that will be over-inclusive because there is no other way for a single injunction to cure the alleged Fourth Amendment deprivations of class members. However, as explained above, because the circumstances of plaintiffs' claim are so individualized, the case is not appropriate for class certification under Federal Rule 23(b)(2). See *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 209 F.R.D. 323, 343 (S.D.N.Y. 2002) ("In deciding a Rule 23(b)(2) motion for class certification, a court must ensure that individual issues do not pervade the entire action because

the suit could become unmanageable and little value would be gained in proceeding as a class action if significant individual issues were to arise consistently") (alterations and quotation omitted)).

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Provisional Class Certification should be denied.

Dated:  April 17, 2018.                    Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

/s/ Fernando Amarillas
FERNANDO AMARILLAS [974858]
Acting Chief, Equity Section

/s/ Amanda J. Montee
AMANDA J. MONTEE [1018326]
JOSHUA W. DANSBY[*]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C.  20001
(202) 724-5691
(202) 741-8934 (fax)
amanda.montee@dc.gov

---

[*] Admitted to practice only in Washington State. Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to LCvR 83.2(f).