## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANEL PROCTOR, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 18-701 (TNM) |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant the District of Columbia (the District) answers plaintiffs' First Amended Complaint (Complaint) as follows:

## DEFENSES

Defendant asserts and preserves the following defenses based on information currently available. Defendant reserves the right to withdraw these defenses or assert additional defenses as further information becomes available.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant, at all relevant times, acted consistently with applicable laws, rules, regulations, and constitutional provisions.

## THIRD DEFENSE

Defendant denies all allegations of wrongdoing including, but not limited to,

any alleged violations of statutory and common law, and further denies that plaintiffs are entitled to any relief.

## FOURTH DEFENSE

Plaintiffs' claims fail to meet the requirements for class certification under Fed. R. Civ. P. 23.

## FIFTH DEFENSE

The Complaint fails to allege sufficient facts to establish municipal liability under 42 U.S.C. § 1983.

## SIXTH DEFENSE

The District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

## SEVENTH DEFENSE

The doctrines of waiver, estoppel, unclean hands and laches equitably bar plaintiffs from seeking the relief sought in the Complaint.

## EIGHTH DEFENSE

If plaintiffs were injured or damaged as alleged in the Complaint, such injuries or damages foreseeably resulted from the conduct of a person or entity other than the District, or factors outside the District's control.

## NINTH DEFENSE

Plaintiffs are not entitled to any equitable relief from this Court because of their own actions or inactions.

## TENTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the injunctive relief requested by plaintiffs exceeds the scope of their claims.

## ELEVENTH DEFENSE

Plaintiffs' claims against Mayor Muriel Bowser and former Deputy Mayor for Health and Human Services HyeSook Chung are barred by the Court's November 27, 2018 Memorandum and Order [43].

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant asserts that any allegation not specifically admitted in this Answer is denied and responds to the individually-numbered paragraphs of the Complaint as follows:

### Introduction[1]

1.     This paragraph does not contain any factual allegations and, accordingly, does not require a response. To the extent a response is required, the allegations are denied.

2.     Defendant denies the allegations in this paragraph.

---

[1]     Headings are provided to correspond to the Complaint to assist the Court in reviewing the Answer. However, defendant denies all statements in the headings.

3.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

4.     Defendant denies the allegations in this paragraph to the extent the District's cleanup practices are characterized as "clearings."

5.     Defendant admits that encampment cleanings are governed by the District of Columbia Protocol for the Disposition of Property Found on Public Space and Outreach to Displaced Persons (the Protocol), and that the Protocol requires the District to temporarily store certain items. Defendant denies the remaining allegations in this paragraph.

6.     Defendant denies the allegations in this paragraph.

7.     Defendant denies the allegations in this paragraph.

8.     Defendant denies the allegations in this paragraph.

9.     Defendant denies the allegations in this paragraph.

10.     This paragraph characterizes the nature of plaintiffs' action and requires no response. To the extent a response is required, the allegations are denied.

## Jurisdiction and Venue

11.     This paragraph contains plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12.     This paragraph contains plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13.     This paragraph contains plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## Parties

14.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

15.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

16.     Defendant admits that the District is a municipal corporation with authority to enforce District of Columbia laws.

17.     Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43].

18.     Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43].

## Factual Allegations

19.     Defendant admits that some District residents experiencing homelessness maintain individual or group encampments in parks, under bridges, along sidewalks, and in other places in the District. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

20.     Defendant denies the allegations in this paragraph.

21.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

22.     Defendant admits only that some encampment residents leave their property unattended. Defendant denies the remaining allegations in this paragraph.

23.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

24.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

25.     Defendant denies the allegations in this paragraph.

26.     Defendant denies the allegations in this paragraph.

27.     Defendant denies the allegations in this paragraph.

28.     Defendant denies the allegations in this paragraph.

29.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

30.     Defendant admits the allegations in this paragraph.

31.     Defendant denies the allegations in the first sentence of this paragraph. Defendant admits the allegations in the second sentence of this paragraph.

32.     Defendant admits the allegations in this paragraph.

33.     Defendant admits the allegations in this paragraph.

34.     Defendant admits the allegations in this paragraph.

35.     Defendant admits the allegations in this paragraph.

36.     The allegations in this paragraph constitute plaintiffs' characterizations of the sign. In response, defendant states that the sign is the best evidence of its content and denies all other characterizations and allegations in this paragraph.

37.     The allegations in this paragraph constitute plaintiffs' characterizations of the sign. In response, defendants state that the sign is the best evidence of its content and deny all other characterizations and allegations in this paragraph.

38.     The allegations in this paragraph constitute plaintiffs' characterizations of the sign. In response, defendant states that the sign is the best evidence of its content and denies all other characterizations and allegations in this paragraph.

39.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

40.     Defendant denies the allegations in this paragraph.

41.     Defendant denies the allegations in this paragraph.

42.     Defendant denies the allegations in this paragraph.

43.     Defendant denies the allegations in this paragraph.

44.     The allegations in this paragraph constitute plaintiffs' characterizations of the Protocol. In response, defendant states that the Protocol is the best evidence of its content and denies all other characterizations and allegations in this paragraph.

45.     Defendant denies the allegations in this paragraph.

46.     Defendant denies the allegations in this paragraph.

47.     Defendant denies the allegations in this paragraph.

48.     Defendant denies the allegations in the first sentence of this paragraph. Defendant admits the allegations in the second sentence of this paragraph.

49.     Defendant admits the allegations in this paragraph.

50.     Defendant denies the allegations in this paragraph.

51.     Defendant denies the allegations in this paragraph.

52.     Defendant denies the allegations in this paragraph.

53.     Defendant denies the allegations in the first and last sentences of this paragraph. Defendant lacks sufficient information to admit or deny the remaining allegations.

54.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

55.     Defendant admits that the District conducted a cleanup at 320 Florida Ave., N.E. on December 20, 2016, and that there were three tents at the location, but no one was present. Defendant denies the remaining allegations in this paragraph.

56.     Defendant admits that the District conducted a cleanup at 27th and K Streets, N.W. on February 14, 2017, and that at least two tents were discarded and the encampment was dismantled. Defendant denies the remaining allegations in this paragraph.

57.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

58.     Defendant lacks sufficient information to admit or deny that the owner of unattended items that had been destroyed contacted a District employee on April 13, 2017. Defendant admits the remaining allegations in this paragraph.

59.     Defendant admits that on May 11, 2017, a couple who had been notified of a cleanup on L Street, N.E. between 1st and 2nd Streets, N.E. walked away from their belongings when the cleanup started, and their belongings were subsequently

discarded. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

60.     Defendant admits the allegations in this paragraph.

61.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

62.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

63.     Defendant denies the allegations in the first sentence of this paragraph. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

64.     Defendant admits the allegations in the first and last sentences of this paragraph. Defendant lacks sufficient information to admit or deny the allegations in the second and third sentences of this paragraph.

65.     Defendant admits the allegations in this paragraph.

66.     Defendant admits the allegations in this paragraph.

67.     Defendant admits the allegations in this paragraph.

68.     Defendant denies the allegations in the second sentence of this paragraph. Defendant admits the remaining allegations in this paragraph.

69.     Defendant admits the allegations in this paragraph.

70.     Defendant admits the allegations in this paragraph.

71.     Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

72.     Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

73.     Defendant denies the allegations in this paragraph.

74.     Defendant admits the allegations in this paragraph.

75.     Defendant admits the allegations in this paragraph.

76.     Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

77.     Defendant admits the allegations in this paragraph.

78.     Defendant admits the allegations in the first sentence of this paragraph. Defendant denies the allegations in the second sentence of this paragraph. Defendant lacks sufficient information to admit or deny the allegations in the third sentence of this paragraph.

79.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

80.     Defendant admits the allegations in this paragraph.

81.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

82.     Defendant denies the allegations in this paragraph.

83.     Defendant denies the allegations in this paragraph.

84.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

85.     Defendant denies the allegations in this paragraph.

86.     Defendant denies the allegations in this paragraph.

87.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

88.     Defendant denies the allegations in this paragraph.

89.     Defendant denies the allegations in this paragraph.

90.     Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

91.     Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

92.     Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

93.     Defendant denies the allegations in this paragraph.

94.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

95. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

96. Defendant denies the allegations in this paragraph.

97. Defendant denies the allegations in this paragraph.

98. Defendant denies the allegations in this paragraph.

## Class Action Allegations

99. This paragraph characterizes the nature of plaintiffs' action and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

100. This paragraph characterizes the nature of plaintiffs' action and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

101. This paragraph characterizes the nature of plaintiffs' action and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

102. This paragraph characterizes the nature of plaintiffs' action and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

103. This paragraph characterizes the nature of plaintiffs' action and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

104.     This paragraph characterizes the nature of plaintiffs' action and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

105.     This paragraph characterizes the nature of plaintiffs' action and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

106.     Defendant denies the allegations in this paragraph.

107.     Defendant denies the allegations in this paragraph.

## Causes of Action

### Count I
### Unreasonable Seizure
### (Fourth Amendment to the United States Constitution; 42 U.S.C. § 1983)

108.     This paragraph adopts by reference the contents of other paragraphs and requires no specific response from defendant. Defendant restates the responses to the preceding paragraphs as if fully incorporated here.

109.     This paragraph states a legal conclusion, which requires no response. To the extent a response is required, the allegations are denied.

110.     Defendant denies the allegations in this paragraph.

111.     Defendant denies the allegations in this paragraph.

112.     Defendant denies the allegations in this paragraph.

113.     Defendant denies the allegations in this paragraph.

114.   Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

115.   Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

116.   Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

117.   Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

## Count II
## Procedural Due Process
## (Fifth Amendment to the United States Constitution; 42 U.S.C. § 1983)

118.   This paragraph adopts by reference the contents of other paragraphs and requires no specific response from defendant. Defendant restates the responses to the preceding paragraphs as if fully incorporated here.

119.   This paragraph states a legal conclusion, which requires no response. To the extent a response is required, the allegations are denied.

120.   Defendant denies the allegations in this paragraph.

121.   Defendant denies the allegations in this paragraph.

122.   Defendant denies the allegations in this paragraph.

123.    Defendant denies the allegations in this paragraph.

124.    Defendant denies the allegations in this paragraph.

125.    Defendant denies the allegations in this paragraph.

126.    Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

127.    Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

128.    Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

129.    Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

130.    Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

131.    Defendant need not answer this paragraph because it is in support of a claim against a defendant that was dismissed by the Court. *See* Mem. and Order [43]. To the extent a response is required, the allegations are denied.

## Prayer For Relief

Defendant denies that plaintiffs are entitled to the relief sought in the Complaint. Defendant requests judgment dismissing the Complaint with prejudice and awarding the District the costs of this action, and such additional relief as the Court may deem appropriate.

Dated: December 11, 2018.        Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Chief, Equity Section

*/s/ Amanda J. Montee*
AMANDA J. MONTEE [1018326]
JOSHUA W. DANSBY*
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C.  20001
(202) 724-5691
(202) 741-8934 (fax)
amanda.montee@dc.gov

*Counsel for Defendant District of Columbia*

---

\* Admitted to practice only in Washington State. Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to LCvR 83.2(f).